ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| JJ AUTO AIR, NOMBRE REGISTRADO Y DBA DE JUAN JOSÉ MELÉNDEZ MOJICA<br><br>Peticionario<br><br>v.<br><br>LUIS J. RODRÍGUEZ HACIENDO NEGOCIOS COMO JJL AUTO AIR<br><br>Recurrido | KLCE202301445 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2023CV01287<br><br>Sobre: Cese y Desista Daños |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, Jueza Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 10 de enero de 2024.

Comparece JJ Auto Air, Nombre Registrado y DBA de Juan José Meléndez Mojica (en adelante, parte peticionaria) para solicitarnos la revisión de la *Orden* emitida y notificada el 17 de noviembre de 2023,[1] por el Tribunal de Primera Instancia, Sala Superior de Humacao (en adelante, TPI). Mediante la *Orden* recurrida, el foro primario dispuso que no hay señalamiento de vista y que se emplace conforme a derecho.

Por los fundamentos que expondremos a continuación, se desestima el recurso presentado por ser uno prematuro.

### I

En el caso de autos, la parte peticionaria presentó una *Demanda* el 4 de septiembre de 2023 al amparo de la Ley Núm. 169-2009, Ley de Marcas del Gobierno de Puerto Rico.[2] Adujo, en

---

[1] Apéndice de la parte peticionaria, a la pág. 1. Véase, además, el Sistema Unificado de Manejo y Administración de Casos (en adelante, SUMAC) a la entrada 9.
[2] Ley de Marcas del Gobierno de Puerto Rico, Ley Núm. 169 de 16 de diciembre de 2009, según enmendada, 10 LPRA § 223 nota *et seq.*

Número Identificador

RES2024_____

síntesis, que su nombre comercial estaba registrado ante el Registro de Marcas del Departamento de Estado y que su negocio se dedicaba a la reparación de aires acondicionados para automóviles. Expresó que la parte recurrida del título también se dedicaba a este mismo tipo de negocio con un nombre y logo similar y que esto le ha causado confusión tanto a la parte peticionaria como a sus clientes. Solicitó como remedio que se le ordenara a la parte recurrida a cesar y desistir de utilizar el nombre del negocio similar al de la parte peticionaria.

De ahí, acaecieron varios incidentes procesales, en lo atinente, uno relacionado el trámite procesal del caso en cuestión, específicamente, sobre cómo se debe notificar la acción incoada en su contra a la parte recurrida. Así las cosas, el 9 de noviembre de 2023, la parte peticionaria presentó una *Moción en Auxilio de Jurisdicción y Solicitud de Remedio Conforme a Derecho* conforme al Artículo 30 de la Ley Núm. 169-2009.[3]

En respuesta, el 10 de noviembre de 2023, el Tribunal *a quo* le ordenó presentar un proyecto de citación para la parte recurrida.[4] En cumplimiento con lo ordenado, el 15 de noviembre de 2023, la parte peticionaria presentó un escrito al cual le acompañó un proyecto de citación para su expedición.[5]

Recibido el escrito, el 17 de noviembre de 2023, el foro primario resolvió: "[n]o hay vista señalada. Tiene que emplazar conforme a derecho!".[6] Inconforme con lo anterior, el 4 de diciembre de 2023, la parte peticionaria presentó una *Moción de Reconsideración.*[7] En ella, expresó que los procedimientos al amparo

---

[3] Apéndice de la parte peticionaria, a las págs. 17-18. Ley de Marcas del Gobierno de Puerto Rico, Ley Núm. 169 de 16 de diciembre de 2009, según enmendada, 10 LPRA § 224, Art. 30.
[4] Apéndice de la parte peticionaria, a la pág. 19.
[5] Apéndice de la parte peticionaria, a las págs. 20-22.
[6] Apéndice de la parte peticionaria, a la pág. 1. Véase, además, el SUMAC, a la entrada 9.
[7] Apéndice de la parte peticionaria, a las págs. 2-4.

de la precitada Ley no requerían un emplazamiento, sino el diligenciamiento de una citación para una vista. Dicha solicitud de reconsideración no ha sido atendida por el foro primario.

Así las cosas, el 20 de diciembre de 2023, la parte peticionaria presentó la petición de *Certiorari* que se encuentra ante nuestra consideración y esbozó el siguiente error:

> Erró el Tribunal de Primera Instancia, al violentar el estado de derecho vigente de la Ley Especial 169-2009, que crea un procedimiento expedito, el cual de forma supletoria se deja llevar por las Reglas de Procedimiento Civil de 2009, según enmendadas, que crea un procedimiento de citación y no de emplazamiento para establecer jurisdicción sobre la parte demandada. La Ley Especial 169-2009, provee para que se conceda de forma expedita un Entredicho Provisional y luego una vista para Interdicto Preliminar. Nada de esto ha sido permitido por el Tribunal de Primera Instancia[,] Sala Superior de Humacao, lo cual ha tornado un pleito expedito en uno ordinario o en estatus indefinible.

Prescindiendo de la comparecencia de la parte recurrida, procedemos a exponer el derecho aplicable.

**II**

**A. Jurisdicción y Recurso Prematuro**

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[8] Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela ni las partes pueden otorgársela.[9] Es norma reiterada en nuestro ordenamiento, que: "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[10] Es norma reconocida que las cuestiones relativas a la jurisdicción de los tribunales para atender los recursos ante su consideración constituyen materia privilegiada.[11] De manera que, debido a su

---

[8] *AAA v. Unión Independiente Auténtica de Empleados de la AAA*, 199 DPR 638, 651-52 (2018).

[9] *Ríos Martínez, Com. Alt. PNP v. CLE*, 196 DPR 289, 296 (2016).

[10] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012). *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). *Ríos Martínez, Com. Alt. PNP v. CLE, Id.*

[11] *AAA v. Unión Abo. AAA*, 158 DPR 273, 279 (2002).

naturaleza privilegiada, las cuestiones de jurisdicción deben ser resueltas con preferencia, ya sea porque fuera cuestionada o motu proprio, pues, por su naturaleza, incide directamente sobre el poder que tiene para adjudicar las controversias.[12]

Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[13] De lo contrario, cualquier dictamen en los méritos será nulo y, por ser ultra vires, no se puede ejecutar.[14] Es decir, una sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por lo tanto, inexistente.[15]

Como corolario de lo anterior, el Tribunal Supremo de Puerto Rico (en adelante, Tribunal Supremo) ha desarrollado el principio de la justiciabilidad, el cual recoge una serie de doctrinas de autolimitación basadas en consideraciones prudenciales que prohíben al foro judicial emitir opiniones consultivas, y fue incorporado jurisprudencialmente a nuestro ordenamiento jurídico mediante el caso de *ELA v. Aguayo*, 80 DPR 552, 595 (1958).[16] La doctrina de justiciabilidad persigue evitar emitir decisiones en casos que realmente no existen o dictar una sentencia que no tendrá efectos prácticos sobre una controversia.[17] En ese contexto, un asunto no es justiciable cuando: (i) se trata de resolver una cuestión política, (ii) una de las partes carece de legitimación activa para promover un pleito, (iii) después de comenzado el litigio hechos posteriores lo tornan en académico, (iv) las partes pretenden obtener una opinión consultiva y (v) cuando se pretende promover un pleito que no está maduro.[18]

---

[12] *Fuentes Bonilla v. ELA*, 200 DPR 364, 372 (2018).
[13] 4 LPRA Ap. XXII-B, R. 83. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).
[14] *Bco. Santander v. Correa García*, 196 DPR 452, 470 (2016). *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007).
[15] *Montañez v. Policía de Puerto Rico*, 150 DPR 917, 921-922 (2000).
[16] R. Elfrén Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed., San Juan, Ed. Pubs. JTS, 1987, pág. 147.
[17] *Moreno Orama v. UPR*, 178 DPR 969, 973 (2010).
[18] *Crespo v. Cintrón*, 159 DPR 290, 298 (2003).

Entre las referidas doctrinas, se encuentra la doctrina de madurez.[19] De acuerdo con esta doctrina, los tribunales debemos examinar si la controversia sustantiva planteada en el recurso ante nuestra consideración está definida concretamente, de manera que nos permita evaluarla en sus méritos, y si el daño aducido es suficiente para requerir adjudicación.[20] En nuestra función revisora, un recurso judicial es prematuro cuando el asunto del cual se trata no está listo para adjudicación; esto es, cuando la controversia no está debidamente delineada, definida y concreta.[21] Como ha pronunciado reiteradamente el Tribunal Supremo, un recurso prematuro adolece del insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre.[22] Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo.[23]

### III

Como cuestión de umbral este Tribunal tiene un deber de auscultar su propia jurisdicción. Acentuamos que: "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[24]

La parte peticionaria aduce que el foro primario denegó una solicitud de reconsideración mediante la cual le solicitó al TPI que dejara sin efecto la *Orden* emitida y notificada el 17 de noviembre de 2023.[25] Sin embargo, un examen del expediente ante nuestra consideración, así como del expediente del caso ante el TPI en el

---

[19] J.J. Álvarez González, Derecho Constitucional de Puerto Rico y relaciones constitucionales con los Estados Unidos, Bogotá, Ed. Temis, 2009, pág. 89.

[20] *Com. de la Mujer v. Srio de Justicia*, 109 DPR 715, 722 (1980).

[21] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366-367 (2001).

[22] *Juliá et al. v. Epifanio Vidal, S.E., Id.*, 365.

[23] *Id.*, 366.

[24] *Peerless Oil v. Hnos. Torres Pérez, supra. S.L.G. Szendrey-Ramos v. F. Castillo, supra. Ríos Martínez, Com. Alt. PNP v. CLE, supra.*

[25] Apéndice de la parte peticionaria a la pág. 1. Véase además el SUMAC a la entrada 9.

SUMAC revela, tal y cual adelantamos, que la referida solicitud de reconsideración no ha sido atendida por el foro primario. Veamos.

Del expediente ante nuestra consideración y del SUMAC se desprende que: (i) la *Orden* recurrida fue emitida y notificada el 17 de noviembre de 2023,[26] (ii) la *Moción de Reconsideración* fue presentada el 4 de diciembre de 2023,[27] y que (iii) no hay ninguna determinación judicial notificada en torno a la aludida moción. Aun cuando en la petición de *Certiorari* la parte peticionaria arguye que el foro primario resolvió la *Moción de Reconsideración*, colegimos que se trata de una confusión. Nos explicamos.

Al repasar los autos ante nuestra consideración y el expediente judicial en el SUMAC, forzoso es concluir que el documento presentado en apoyo al argumento para acreditar jurisdicción se refiere a una **Notificación Electrónica – Notificación entre Partes OAT-1720**, que no es otra cosa que la constancia de la radicación de la *Moción de Reconsideración* a través del SUMAC.[28] En otras palabras, el documento presentado en apoyo al argumento para acreditar jurisdicción no se trata de un dictamen judicial revisable.

Reiteramos que, un recurso prematuro adolece del insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre.[29] A esos efectos, su presentación carece de eficacia y no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo.[30] Es por todo lo anteriormente expuesto que estamos ante un recurso prematuro, por lo que no contamos con jurisdicción para entender en el mismo.

---

[26] Véase el SUMAC, a la entrada 9.
[27] *Id.,* a la entrada 10.
[28] *Id.,* a la pág. 5. Véase, además, el SUMAC, a la entrada 10.
[29] *Juliá et al. v. Epifanio Vidal, S.E.*, *supra.*
[30] *Id.*, 366.

KLCE202301445                                                                    7

**IV**

Por los fundamentos antes expuestos, tras colegir que no contamos con jurisdicción, se desestima el recurso presentado, por ser uno prematuro.

Lo aquí resuelto no impide que la parte que así lo entienda pueda acudir ante este foro nuevamente, una vez el foro recurrido resuelva la *Moción de Reconsideración* pendiente y notifique su dictamen.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones